IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE RANDALL GARRISON,

    **Plaintiff,**

v.                                      CASE NO. 25-3220-JWL

PAT KITCHENS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joe Randall Garrison is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff filed this civil rights action on November 19, 2024 in the District Court of Leavenworth County, Kansas. (Doc. 1-2, p. 12.) The same day, he filed a civil rights action in this Court and began what will be referred to in this order as the previous federal § 1983 action. *See Garrison v. Kitchens, et al.*, Case No. 24-3207-JWL, Doc. 1. This Court conducted the statutorily required screening of the complaint in the previous federal § 1983 action and, on December 17, 2024, issued a memorandum and order to show cause ("MOSC") directing Plaintiff to show cause why the previous federal § 1983 action should not be dismissed for failure to state a claim on which relief could be granted. *Id.* at Doc. 9. Plaintiff filed a response, which the Court considered, and on February 3, 2025, the Court dismissed Plaintiff's previous federal § 1983 action for failure to state a claim. *Id.* at Doc. 13. Judgment was entered the same day. *Id.* at 14.

1

On August 29, 2025, Plaintiff filed the operative amended complaint in the civil rights action pending in Leavenworth County District Court. (Doc. 1-2, p. 58.) The matter was removed to this Court on October 10, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Plaintiff is in custody at Norton Correctional Facility in Norton, Kansas.

The amended complaint asserts that Plaintiff was incarcerated in the Leavenworth County Jail ("LCJ") on May 31, 2024. (Doc. 1-2, p. 58.) A couple of weeks later, he became aware that his vehicle was stolen from his residence within the city limits of Leavenworth, Kansas. *Id.* at 58-59. Plaintiff reached out to staff at the LCJ, asking how to file a police report on the stolen vehicle, and was instructed to submit a request to the Leavenworth Police Department ("LPD") through the Homewav kiosk. *Id.* at 59.

Plaintiff alleges that he submitted the request to file a police report on June 24, 2024, and it was viewed and forwarded to the LPD, but Plaintiff received no response. *Id.* Plaintiff made another request on June 24, 2024 through the kiosk and it was forwarded to the LPD, but Plaintiff again received no response. *Id.* He alleges that he asked multiple LCJ staff members why it was taking so long to be able to file a police report and Sergeant Masoner told Plaintiff that, as far as he knew, "they don't allow inmates to file police reports." *Id.* Plaintiff asked LCJ staff to take his report, since they work for the Leavenworth County Sheriff's Department, but was told that the location of the crime meant that he must file his report with the LPD. *Id.* Plaintiff made an additional request via the kiosk on October 12, 2024, which was forwarded to the LPD but elicited no response. *Id.*

Plaintiff asserts that he then began to suffer from depression, severe anxiety, and mental anguish. *Id.* The stolen vehicle was the "family car" his mother used to take his daughters to school and work. *Id.* Moreover, Plaintiff was concerned that his vehicle was used in the

2

commission of a crime. *Id.* Plaintiff later learned from his father that the vehicle had been towed by LPD after it was found abandoned in a church parking lot. *Id.* Plaintiff alleges that he is and was the only registered owner of the vehicle but he was not notified that the vehicle had been found abandoned. *Id.* at 60.

Plaintiff alleges that he was deprived of his property without due process. *Id.* He also claims that he was discriminated against based on his status as an inmate at the LCJ. *Id.* Plaintiff also alleges cruel and unusual punishment, arguing that hindering his ability to file a police report caused him to suffer "undue mental anguish[,] severe anxiety and depression [because he] was completely unable to provide transportation to his family and children to and from work and school resulting in the loss of wages." *Id.*

Plaintiff names LPD Chief of Police Pat Kitchens and the LPD as Defendants in his amended complaint. *Id.* at 58. As relief, he seeks a preliminary and permanent injunction ordering Chief Kitchens and the LPD to start allowing LCJ inmates to file police reports while in custody. *Id*. at 61. Plaintiff also seeks compensatory and punitive damages in the amount of $20,000 from each Defendant and a declaratory judgment in the amount of $10,000. *Id*.

## II. Statutory Screening of Prisoner Complaints

Plaintiff filed this action in state court and Defendants removed the action to this Court. Because Plaintiff is a prisoner and his amended complaint seeks relief against a governmental entity or an officer or an employee of a governmental entity, the amended complaint is subject to screening under 28 U.S.C. § 1915A(a). *See* 28 U.S.C. § 1915A(a) ("The Court shall review . . . as soon as practical after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Jones v. Douglas County Bd. of Comm'rs*, 2025 WL 1726326, at *1 (D. Kan. 2025) (unpublished

memorandum and order) (collecting cases and rejecting argument that amended complaint filed after removal from state court was not subject to screening); *Crosby v. U.S. Attorney's Office*, 2020 WL 1271825, at *3 (D. Kan. 2020) (unpublished) (screening amended complaint after removal from state court). During this screening, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

4

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

After reviewing the amended complaint filed in the state court prior to the removal of this matter, the Court finds that the claims therein are substantially similar to and duplicative of the

claims brought in Plaintiff's previous federal § 1983 action. Thus, the claims in the current matter are subject to dismissal for the same reasons the claims in the previous federal § 1983 action were dismissed. As explained in the MOSC issued in the previous federal § 1983 action:

> Plaintiff alleges that he was deprived of his property without due process. "[A] prisoner has no due process right to file a police report, or have prison officials file a police report on his behalf." *Ybarra v. Hayden*, 2018 WL 2086710, at *2 (N.D. Ind. 2018) (citations omitted); *see also Yhwhnewbn v. Leak*, 2012 WL 3061848, at *1 (N.D. Ill. 2012) ("However, the Constitution does not require defendants to comply with police department rules or procedures, give plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report.") (citations omitted); *see also Foley v. Village of Weston*, 2007 WL 314465, at *3 (W.D. Wisc. 2007) (stating that "persons who are not the subject of criminal prosecution have no corollary constitutional right to obtain police reports . . . [a]lthough the information may be accessible through state open records requests or other means, its release is not guaranteed by the Constitution"); *Price v. Doe*, 2019 WL 5538113, at *3 (E.D. Mich. 2019) ("A civil rights plaintiff, however, has no constitutional right to obtain a police report.").
>
> In *Miller v. Kohls*, the pro se prisoner alleged that while he was incarcerated at the jail, he was denied the opportunity to file a police report regarding a theft that occurred at his residence. *Miller v. Kohls*, 2016 WL 51109, at *1 (N.D. Ind. 2016). The court in *Miller* held that "individuals have no constitutional right to a police report for illegal conduct that has already transpired . . . [i]t has been long held that a private citizen lacks a cognizable interest in filing a police report." *Id.* at *2 (citations omitted).
>
> In *Edris v. City of New York*, plaintiff asserted a § 1983 claim based on defendants' failure to investigate assaults on the plaintiff and thefts of his belongings. *Edris v. City of New York*, 2023 WL 4019515, at *2 (S.D.N.Y. 2023). The court held that "there is no constitutional right to an adequate investigation." *Id.* (citing *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021); *see Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) ("[W]e have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death.")).
>
> Plaintiff cites to no authority that would establish he has any constitutional right to file a police report. Furthermore, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an

adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. As noted above, Plaintiff has a pending state court action based on these same claims. Plaintiff should show good cause why his due process claim should not be denied for failure to state a claim.

Plaintiff also claims that he was discriminated against based on his status as an inmate at the LCJ. He argues that he is being treated differently than citizens who are not in custody because they are able to file police reports.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). "An equal protection claim may challenge legislation or the conduct of an individual." *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021) (citation omitted). The claim "may be asserted with respect to a group or a 'class of one.'" *Id*. (citation omitted). "The former is more common and concerns a 'governmental classification[ ] that affect[s] some groups of citizens differently than others.'" *Id*. (citations omitted).

"To state a viable equal protection claim, Plaintiffs must allege that the Policy purposefully discriminates against them because of their membership in a particular class." *Fowler v. Stitt*, 104 F.4th 770, 783–84 (10th Cir. 2024) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594, 128 S. Ct. 2146, 170 L.Ed.2d 975 (2008); *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021)). "Plaintiffs must also allege that the Policy fails under the appropriate level of scrutiny." *Id*. at 784 (citing *Ashaheed*, 7 F.4th at 1250).[1]

. . . .

[C]ourts have refused to find an equal protection violation where prisoners argue that they are being treated differently from non-prisoners. In *Scott v. Robertson*, the court held that:

> Where a prisoner alleges that he is being treated differently from non-prisoners, other circuits have found no equal protection claim as there is a "fundamental difference between normal society and prison society," *Glouser v. Parratt*, 605 F.2d 419, 420 (8th Cir.

---

[1] In this case, Plaintiff has not alleged that he is a member of a suspect class or that his claims involve a fundamental right. *See Durham v. Lappin*, 346 F. App'x 330, 333 (10th Cir. 2009) (unpublished) ("Prisoners are not suspect classes.") (citation omitted); *see Holt v. Patty*, 2017 WL 4338315, at 86 (D. Kan. 2017) ("Because neither prisoners nor indigents constitute a suspect class, the challenged policy need only bear a rational relationship to legitimate government ends.") (citation omitted).

7

>   > 1979) (citing *Meyers v. Alldredge*, 429 F.2d 296, 310 (3d Cir. 1974)), and rules designed to govern those functioning in a free society cannot be automatically applied to the very different situation presented in a state prison, *id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974), for proposition that full panoply of rights due a defendant in criminal proceedings do not apply to prison disciplinary proceedings). Prisoners and non-prisoners simply are not similarly situated. *Hrbek v. Farrier*, 787 F.2d 414, 417 (8th Cir. 1986).
>
>   *Scott v. Robertson*, 2019 WL 6341589, at *4 (N.D. Cal. 2019); *see also Gardenhire v. Schubert*, 205 F.3d 303, 320 (6th Cir. 2000) (holding that when plaintiffs attempted to make a police report "they were already criminal suspects, putting their comments in the 'suspect making an excuse' category—which police may choose to ignore, *see Criss*, 867 F.2d at 262,—rather than in the 'citizen making a complaint' category"); *Buckman v. Reherman*, 2021 WL 1168697, at *3 (S.D. W. Va. 2021) ("Prisoners are not similarly-situated to non-prisoners . . . [t]herefore, because Buckman is not similarly-situated to non-inmates, there is no equal protection violation based upon any disparity in treatment between the two groups.") (citation omitted). . . .
>
>   Plaintiff has also failed to show that the LPD's failure to respond to his inquiry constituted cruel and unusual punishment. Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). . . .
>
>   Plaintiff names the LPD as a defendant. However, "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)). This Court has held that municipal police departments are subunits of city government and not legal entities subject to suit. *Roberts v. Unknown Wichita Police Officers*, 2019 WL 1790050, at *2 (D. Kan. April 24, 2019) (citing *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (dismissing Riley County Police Department); *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016); *Ward v. Lenexa, Kansas Police Dep't*, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014)); *see also See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not "separate suable entity").

*Garrison v. Kitchens*, Case No. 24-3207, Doc. 9, p. 4-9.

The reasoning quoted above equally applies to the claims as they appear in the amended complaint now before the Court. In summary, Plaintiff's due process claims are subject to

dismissal for failure to state a claim because he has no constitutional right to file a police report and, thus, he was not entitled to due process. Nor has Plaintiff shown that the State has failed to provide an adequate post-deprivation remedy for the loss of property. His equal protection claim is subject to dismissal for failure to state a claim because prisoners and non-prisoners are not similarly situated in the way that two groups must be for their differing treatment to implicate the Equal Protection Clause. Plaintiff's claim of cruel and unusual punishment is subject to dismissal for failure to state a claim because his allegations fail to allege a sufficiently serious deprivation and they do not show that he was incarcerated under conditions posing a substantial risk of serious harm. Moreover, as also pointed out to Plaintiff in the previous federal § 1983 action, because he is no longer housed at the LCJ, any request for injunctive relief for pretrial detainees housed there is moot. *See Garrison v. Kitchens*, Case No. 24-3207, Doc. 9, p. 10.

This case is subject to dismissal for the reasons set forth above. Plaintiff will be granted time in which to show cause in writing why this matter should not be dismissed for failure to state a claim on which relief can be granted. Plaintiff should refrain from filing any motions or pleadings other than his response to this memorandum and order to show cause. Failure to respond by the Court's deadline may result in dismissal of this case without further prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 17, 2025,** in which to show good cause, in writing to the undersigned, why this matter should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 15, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**