IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE RANDALL GARRISON,

    **Plaintiff,**

    v.                                            CASE NO. 25-3220-JWL

PAT KITCHENS, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

    Plaintiff Joe Randall Garrison filed this civil rights action in November 2024 in the District Court of Leavenworth County, Kansas; Defendants Pat Kitchens and the Leavenworth Police Department removed it to this Court in October 2025. This Court conducted the statutorily required screening of the operative amended complaint and concluded that this case is subject to dismissal in its entirety. Thus, on October 15, 2025, the Court issued a memorandum and order to show cause ("MOSC") directing Plaintiff to show cause, in writing, why this case should not be dismissed for failure to state a claim on which relief is granted. (Doc. 4.) This case comes now before the Court on Plaintiff's response to the MOSC. (Doc. 7.)

    The response is titled "Order to Show Cause" and it purports to order Defendants to show cause in writing why Plaintiff should not be awarded $50,000.00 for the deprivation of his civil rights. *Id.* It also asks the Court to "deny any motion to dismiss for failure to state a claim and require The Defendants to respond to the merits of the Complaint and provide any justification or legal basis for their actions." *Id.* Even liberally construed, this pro se filing does not respond to the points made in the MOSC. With this document, Plaintiff has filed 20 pages of attachments, none of which are responsive to the MOSC.

1

As explained in the MOSC, federal statutes require this Court to conduct a preliminary screening of the controlling pleading in this action and "dismiss [it] or any portion thereof if a plaintiff has raised claims that . . . fail to state a claim on which relief may be granted." (Doc. 4 (citing 28 U.S.C. § 1915A(b)(1)-(2)).) This statutory requirement led to the Court issuing the MOSC; there is no motion to dismiss pending before the Court. The deadline for Plaintiff to respond to the MOSC and show cause why this case should not be dismissed for failure to state a claim has now passed. Even liberally construed, the only documents Plaintiff has filed neither acknowledge the MOSC nor argue that this case should not be dismissed. Accordingly, the Court maintains its conclusion that, for the reasons set forth in the MOSC, this matter should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

**Dated December 19, 2025, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**